UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEERLESS INS. CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:08CV729 RWS |
| EUGENE ROEDDER, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

On December 3, 2004, Eugene Roedder caused a car accident which severely injured Gregory Monroe, Sr. At the time, plaintiff Peerless Insurance Company insured Gencar Development Co., LLC, under a Commercial Protector Policy and an umbrella policy. Roedder was not a named insured under Gencar's policy, but he worked for Gencar and was driving his own vehicle at the time of the accident.

Monroe and his wife, E'Wana Monroe, filed a lawsuit against Roedder in state court seeking compensation for the injuries they suffered because of the accident. On May 9, 2008, a verdict was entered in the state-court case in favor of the Monroes and against Roedder for $21,000,000. Peerless filed the instant action seeking a declaratory judgment that no coverage exists for the accident and resulting verdict against Roedder. Peerless now argues that it is entitled to

judgment as a matter of law because the policy unambiguously provides that automobiles not owned by Gencar would be covered only if they were being used in Gencar's business.  Moreover, the policy also states that an executive officer using his privately owned automobile is not an insured under the policy.  Peerless claims that summary judgment is proper because Roedder was an executive officer driving his own car to a family vacation home at the time the accident occurred.  Defendants oppose the motion for summary judgment, arguing that Roedder is not an executive officer under the policy and that genuine issues of material fact remain regarding the issue of whether Roedder was engaging in Gencar's business at the time the accident occurred.  Because there are no genuine disputes of material fact and the uncontraverted evidence demonstrates that there is no coverage for the accident and verdict against Roedder under Gencar's policy at issue here, plaintiff's motion for summary judgment will be granted.

## **Standards Governing Summary Judgment**

A court may grant a motion for summary judgment only if it finds that all the evidence before it demonstrates "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden is on the moving party.  Id.  The court must view all facts and resolve all ambiguities in favor of the non-moving

party.  Id.  However, the non-moving party must set forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in that party's favor.  Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).  Under these standards I review the facts in this case.

## Background Facts

On December 3, 2004, Roedder caused an automobile accident while driving his own 1998 Dodge Caravan from his home in Kirkwood, Missouri to his cabin in Innsbrook, Missouri for a weekend vacation.  Roedder was the owner of the vehicle and insured it under a policy issued by State Farm Mutual Automobile Insurance Company.  The accident occurred as Roedder attempted to pull into the parking lot of a Chinese restaurant in Wentzville, Missouri to eat lunch.  The accident injured Monroe.  Roedder admitted liability in the underlying state court action, and a verdict was returned against him and in favor of the Monroes in the amount of $21,000,000.  State Farm defended Roedder in that case.

At the time of the accident, Roedder was the registered agent, organizer, co-owner, and manager of Gencar, a limited liability company owned by Roedder and his wife.  The company owned one piece of commercial real estate.  Roedder's duties consisted of managing the property, performing maintenance of the building, tenant relations, and maintaining a monthly ledger as to accounts receivable.

Gencar had Commercial Protector and umbrella insurance policies with Peerless for the relevant time period. Under the Commercial Protector Policy number BOP9673069, Gencar was the only named insured. The Policy states, in pertinent part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.
>
> **A. COVERAGES**
>     **1. Business Liability**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance
> applies. . . But:
>
> (1) The amount we will pay for damage is limited as described in Section **D-LIABILITY AND MEDICAL EXPENSES LIMITS OF INSURANCE . . .**
>
> No other obligation or liability to pay sums or perform acts or services is
> covered unless explicitly provided for under **COVERAGE EXTENSION- SUPPLEMENTARY PAYMENTS.**
>
> \*\*\*\*
> **B. EXCLUSIONS**
> **1. Applicable to Business Liability Coverage**
> This insurance does not apply to:

\*\*\*\*
> **g. Aircraft, Auto or Watercraft**
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or

watercraft owned or operated by or rented or loaned to any insured.

. .

\*\*\*\*

**HIRED AUTO AND NON-OWNED AUTO LIABILITY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL PROTECTOR LIABILITY COVERAGE FORM**

\*\*\*

**B. NON-OWNED AUTO LIABILITY**

The insurance provided under Paragraph **A.1. Business Liability** applies to "bodily injury" or "property damage" arising out of the use of a "nonowned auto" by any person other than you in the course of your business.

\*\*\*

**D.** For the purposes of this endorsement only, WHO IS AN INSURED (Paragraph C.) is replaced by the following:

Each of the following is an insured under this insurance to the extent set forth below:

\*\*\*

3. With respect to a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business.

\*\*\*

None of the following is an insured:

\*\*\*

2. Any partner or "executive officer" with respect to any "auto" owned by such partner or officer or a member of his or her household;

\*\*\*

4. The owner or lessee (of whom you are a sub lessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee;

\*\*\*

F. For the purposes of this endorsement only, the following definitions are added to Paragraph **F. – LIABILITY AND MEDICAL EXPENSES DEFINITIONS:**

\*\*\*\*

2. "Hired auto" means any "auto" you lease hire, rent or borrow. This does not include any 'auto' you lease, hire, rent or borrow from any of your 'employees', your partners or your 'executive officers", or members of their househo

3. "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "auto" owned by your "employees", your partners or your "executive officers", or members of their household, but only while used in your business or your personal affairs.

\*\*\*

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document."

(Policy, Attached to First Amended Petition as Exhibit 1) (emphasis in original).

The Commercial Protector Policy was issued along with an umbrella policy.

The Commercial Umbrella Liability Policy, number CU9683706, states in pertinent part:

**Automobile Liability –Follow Form**
This endorsement modified insurance provided under the following:
COMMERCIAL UMBRELLA LIABILITY POLICY

A. The following is added to paragraph C. EXCLUSIONS (SECTION I):This insurance does not apply to Bodily Injury, Property Damage, Personal Injury, Advertising Injury or Personal and Advertising Injury arising out of the ownership, maintenance, use, Loading or Unloading, leasing, rental ore entrustment to others of any Automobile. This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the Occurrence which caused the Bodily Injury or Property Damage, or the Offense which caused the Personal Injury, Advertising Injury or Personal and Advertising Injury, involve the ownership, maintenance, use or entrustment of others of any Automobile that is owned or operated by or rented or loaned to any insured.

However, when Underlying Insurance is provided for such injury or damage, this insurance shall apply, by only to the extent of coverage afforded by such Underlying Insurance and subject to Condition S. – **Maintenance of Underlying Insurance.**

B. For purpose of this endorsement, Paragraph S. **Underlying Insurance** under **Section V –DEFINITIONS** is replaced by the following:
S. **Underlying Insurance** means the Automobile Liability insurance specifically listed in the Schedule of Underlying Insurance of the Declarations of this policy including any renewal or replacements thereof.

(Umbrella Policy, Attached to First Amended Petition as Exhibit 2) (emphasis in original).

Peerless filed the instant action, seeking a declaration that no coverage exists for the accident and verdict against Roedder. Peerless moves for summary judgment, claiming that there is no coverage under the policy as a matter of law because Roedder was not using his car for Gencar's business at the time of the accident, and Roedder was an executive and therefore not entitled to coverage for his privately owned automobile. Roedder and the Monroes oppose summary judgment, contending that Roedder was not an executive under the policy, and that whether he was using his car for Gencar's business is a disputed issue of fact. However, I find that there are no genuine disputes of material fact, and that there is no coverage under the Gencar policy for the accident at issue in this case.

## **Discussion**

Under Missouri law which governs this dispute,"[i]nsurance policies are contracts, and the rules of contract construction apply." Arbeitman v. Monumental Life Ins. Co., 878 S.W.2d 915, 916 (Mo. Ct. App. 1994). The words of an insurance contract are given their ordinary meaning. State Farm Fire & Cas. Co. v. Metcalf, by Wade, 861 S.W.2d 751, 755 (Mo. Ct. App. 1993). "Absent an ambiguity, an insurance policy must be enforced according to its terms," Lang v.

Nationwide Mut. Fire Ins. Co., 970 S.W.2d 828, 830 (Mo. Ct. App. 1998) (internal citations omitted), because the "Court does not have the power to rewrite the contract for the parties and must construe the contract as written." Madison Block Pharmacy, Inc. v. U.S. Fidelity and Guaranty Co., 620 S.W.2d 343, 346 (Mo. 1981). However, exclusionary clauses in insurance contracts are to be strictly construed against the insurer, and any ambiguity is to be resolved in favor of the insured. Insurance Co. of the State of Pa. v. West Plains Air, Inc., 637 S.W.2d 444, 446 (Mo. Ct. App. 1982).

Even if I assume for purposes of this motion that Roedder is not an executive officer under Gencar's policy, there is still no coverage under the Gencar policy for the accident at issue in this case. The policy excludes from coverage accidents arising from the use of automobiles not owned by Gencar while they were being used for purposes other than Gencar's business. In this case, the evidence is uncontraverted that Roedder, not Gencar, owned the vehicle he was driving at the time of the accident. Therefore, Roedder's vehicle would only be insured under the non-owned auto clause if Roedder was using it for Gencar's business at the time of accident. Although the defendants argue that a genuine dispute exists about this issue, I find that the undisputed material evidence demonstrates that, at the time of the accident, Roedder was not on Gencar's business. Instead, Roedder testified that

he was driving his car to his vacation home in Innsbrook, Missouri for the weekend when he decided to stop for lunch and caused the accident at issue here. Although Roedder testified it was "possible" that he might have been at one of Gencar's rental properties earlier that morning, it does not change the undisputed fact that, at the time of the accident, he had left his home in the St. Louis area and was traveling to Innsbrook for personal, not business, reasons. See Tuttle v. Muenks, 964 S.W.2d 514, 517 (Mo. Ct. App. 1998) ("Generally, an employer is not liable for damages under the doctrine of respondeat superior for injuries caused by an employee's negligent operation of a vehicle which occurred while that employee is going to or coming home from work."); Fackrell v. Marshall, 490 F.3d 997, 1001-02 (8th Cir. 2007).[1] Therefore, even if we assume defendants' version of this fact as true, it is not material to the issue of whether Gencar's policy provides coverage in this case.

Finally, because it is undisputed that the umbrella policy does not cover the automobile accident at issue here,[2] I find that Peerless is entitled to summary judgment on its amended complaint. A separate Judgment in accordance with this

---

[1]There is no evidence that any of the recognized exceptions to this doctrine, called the "going and coming" rule, apply in this case. See Tuttle, 964 S.W.2d at 517 (recognizing the "dual purpose" doctrine and the "special errand" doctrine as exceptions to the general rule).

[2]The umbrella policy "does not apply to Bodily Injury, Property Damage, Personal Injury, Advertising Injury or Personal and Advertising Injury arising out of the . . .use . . . of any automobile . . . ."

Memorandum and Order is entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#22] is granted, and plaintiff shall have summary judgment on its complaint.

                                                    _____
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2009.